6/3/2022 11:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65130993
By: Maria Rodriguez
Filed: 6/3/2022 11:24 PM

Case No. _____

| | | |
|---|---|---|
| Isaiah PHILLIPS, SKYLAR GILMORE, Plaintiffs. | § § § § | IN THE DISTRICT COURT |
| V. | § § | \_\_\_\_\_JUDICIAL DISTRICT |
| CITY OF BAYTOWN, CITY OF BAYTOWN POLICE CHIEF KEITH DOUGHERTY, NATHANIEL BROWN, AND JOHN MILLER, DEFENDANTS. | § § § § § § § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT**:

Plaintiffs, Skylar Gilmore and Isaiah Phillips ("Plaintiffs" or "Mr. Gilmore and Mr. Phillips"), file this Original Petition against Defendants, the City of Baytown ("Baytown"), City of Baytown Chief of Police Keith Dougherty ("Chief Dougherty"), Nathaniel Brown ("Brown"), John Miller ("Miller"), and in support thereof show as follows:

### I. DISCOVERY CONTROL PLAN

1.  Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiffs intend to conduct discovery under a Level 2 discovery plan.

### II. PARTIES

2.  Plaintiff, Skylar Gilmore, Plaintiff, is an individual residing in Harris County, Texas.

3.  Plaintiff Isaiah Phillips is an individual residing in Harris County, Texas.

4.  Defendant, City of Baytown, is a municipal corporation located in the State of Texas and incorporated under the laws of the State of Texas and is located within the boundaries of the

1

Southern District of Texas. It may be served with citation through Baytown's chief executive officer, City Manager Richard L. Davis. City Manager Richard L. Davis may be served with process at Baytown City Hall, 2401 Market Street, Baytown, Texas 77520, or wherever he may be found., or wherever it may be found.

5.      Defendant, Chief Dougherty, is an individual who may be served with citation at 4605 Alamance S Baytown, TX 77521-3031 Harris County or his place of employment located at 3200 N. Main Street, Baytown, Texas 77521, or wherever he may be found. Chief Dougherty is being sued in his individual capacity and at all times relevant to this case acted under the color of law.

6.      Defendant Nathaniel Brown is an individual who may be served with citation at 3441 Bridgette Ln. #4, Baytown, TX, or wherever he may be found. Brown is being sued in his individual capacity and at all times relevant to this case acted under the color of law.

7.      Defendant, John Miller, is an individual who may be served with citation at his place of employment located at his place of employment at 3200 N. Main Street, Baytown, Texas 77521, or wherever he may be found. Miller is being sued in his individual capacity and at all times relevant to this case acted under the color of law.

### III. JURISDICTION AND VENUE

8.      Jurisdiction is proper in this Court because the damages sought by Plaintiffs exceed this Court's minimal jurisdictional limits, and the parties to this lawsuit are all subject to jurisdiction in the State of Texas. *See* Tex. R. Civ. P. 47(b). This Court has jurisdiction over Defendants, City of Baytown, Dougherty, Brown, and Miller because they are citizens of the State of Texas, and they engaged in the concerted wrongful activity, which is the subject of this lawsuit. Further, the City of Baytown does business in the State of Texas and is therefore subject to the jurisdiction of the State

of Texas.

9. Plaintiffs seek monetary relief not more than $250,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees, plus all other relief to which Plaintiffs deem themself entitled. *See* Tex. R. Civ. P. 47(c), (d).

10. The venue is proper in Harris County, Texas, because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Harris County. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).

## IV. FACTUAL BACKGROUND

***Brown's Excessive Use of Force and Illegal Arrest of Skylar Gilmore and Isaiah Phillips***

11. This suit arises from the excessive use of force and wrongful arrest by Brown and Miller against Skylar Gilmore and Isaiah Phillips.

12. Skylar and Isaiah were traveling through Baytown with some friends. One of their friends was pulled over by a Baytown Police officer, so they stopped their vehicle in the gas station parking lot and, while standing about twenty feet, inquired about the reason for the stop.

13. The friends recognized one of the officers. They knew him as Brown and knew that he had a horrible reputation in the Baytown community for being overly aggressive and menacing towards the citizens of Baytown.

14. One of their friends, Benavides, pulled out his phone to record the encounter.

15. As they asked the officers why their friend was stopped, two of the officers on the scene, Brown and Miller, turned their attention to Skylar and Isaiah.

16. Brown walked across the parking lot, approached Skylar, who was on the phone at the time, told him that he was cursing in public, and forcefully grabbed his hand. Brown then told him to put

his hands behind his back.

17. Skylar lowered his hands and did not resist the arrest.

18. Brown grabbed Skylar and threw him up against a wall, causing his phone to fly out of his hand.

19. Brown next threw Skylar to the concrete ground.

20. Brown maintained his grip on Skylar's arm as Skylar remained on the pavement where Brown threw him, then Brown viciously knees him in the face.

21. At the same time, Brown demanded that Skylar put his hands behind his back.

22. Brown arrested Skylar for disorderly conduct.

23. The officers then turned their attention to Isaiah, who asked why Skylar was being arrested during the altercation and worked to act as the best witness Skylar could have.

24. Both officers, Miller and Brown, then grabbed Isaiah and slammed him on the hood of a car hard enough that it caused a dent in the vehicle.

25. 24-year-old Skylar Gilmore and 23-year-old Isaiah Phillips were subsequently arrested for Disorderly Conduct-Language for their public use of profanities during the incident and charged with Interfering with Public Duties through the Harris County District Attorney's Office for his actions during his arrest.

26. Brown can be heard outside of the convenience store cursing at Skylar and Isaiah, using profanities. Ironically, he alleged cursing in public was the conduct by Skylar and Isaiah that he deemed to be disorderly.

27. Brown was ultimately arrested and indicted for assault based on the conduct involving the Plaintiffs.

4



*Due to the City of Baytown's failure to train, failure to discipline, and failure to supervise, Brown and Miller violated Skylar and Isaiah's constitutional rights to be free from illegal search and seizure and excessive force.*

28. As a result of the actions of Chief Dougherty and his failures to train, supervise, discipline, and implement policies to prevent foreseeable constitutional violations by Brown and Miller, Isaiah and Skylar were attacked, detained, arrested, charged with interference with public duties, and disorderly conduct and had to spend a night in Jail.

29. They suffered both physical and mental injuries.

30. The charge for interference with public duties was later dismissed.

5

## V. CAUSES OF ACTION

### .Assault & Battery

31. Plaintiffs incorporate by reference all paragraphs contained herein.

32. A civil cause of action for assault has three elements:

   a. the defendant acted intentionally, knowingly, or recklessly

   b. The defendant made contact with the plaintiff's person

   c. The defendant's contact caused bodily injury to the plaintiff.

Defendants acted intentionally and knowingly in making contact with the Plaintiffs' person, causing them bodily injury.

33. Brown offensively touched Isaiah when he grabbed the non-threatening Skylar, slammed him against a wall, then slammed him against the ground, and kneed him to the face resulting in his injuries. .

34. Miller and Brown offensively touched Isaiah when they grabbed him and slammed him on the hood of a parked vehicle so violently that it caused a massive dent in the vehicle resulting in his injuries.

### Fourteenth Amendment Due Process and Fourth Amendment Excessive Force, and Illegal Seizure.

35. Plaintiffs incorporate by reference all paragraphs contained herein.

36. Brown deprived Skylar of his fourth amendment right to be free from the use of excessive force. Brown violated Skylar's right to be free from the use of excessive force when Brown grabbed

6

the non-threatening Skylar, slammed him against a wall, then slammed him against the ground, and kneed him to the face.

37. Miller and Brown deprived Isaiah of his fourth amendment right to be free from the use of excessive force when they grabbed him and slammed him on the hood of a parked vehicle so violently that it caused a massive dent in the vehicle.

38. Defendants Brown and Miller violated clearly established constitutional rights, and their conduct was objectively unreasonable in light of clearly established law at the time of the relevant incident.

39. Plaintiffs had the right to be free from excessive force. The City of Baytown, its policymaker the Chief of Police Keith Dougherty, acted to violate Skylar and Isaiah's right to be free from excessive force. The City of Baytown promoted, adopted, and promulgated a policy or custom of allowing its arresting deputies to utilize excessive force when arresting citizens and not interfering to prevent others from engaging in the use of excessive force, based on the inadequate training and supervision of his officers by Dougherty.

40. Baytown and its officials did deliberately or recklessly violate Plaintiff's civil rights under the color of law through the use of excessive force against Skylar when he was violently thrown to the ground and struck in the head and face area by a knee from Brown.

41. Chief Dougherty, as the City of Baytown Police Department, was the official policy-maker of the city. He was sufficiently aware that the City's supervision, and training policies, were defective, incomplete, or routinely ignored by its officers and other security officers to the extent that they facilitated or permitted the use of excessive force against other civilians in Baytown.

42. Chief Dougherty's inactions promoted excessive force against Skylar and Isaiah and evidenced a deliberate indifferent practice and custom of excessive force within the City of Baytown police department.

43. Chief Dougherty is liable because he had a policy, procedure, or custom of ignoring open and obvious constitutional violations, namely excessive force.

44. Skylar and Isaiah had a right to due process of the law. That right was violated by Brown and officer Doe when they sought to arrest them without reason.

45. The plaintiffs had not committed a crime when Brown sought to arrest them. Therefore, this unlawful arrest was a gross violation of Skylar and Isaiah's right not to have their liberty deprived without due process.

46. Due to Baytown's customs, policies, and practices, Defendants proximately caused Isaiah's and Skylar's injuries.

47. Defendants' misconduct described herein was objectively unreasonable and undertaken with willfulness and reckless indifference to his rights.

48. In addition, the misconduct and excessive force described herein "shocks the conscience" because citizens not accused or suspected of crimes should not be deprived of their liberty and should be free of abuse by the hands of Baytown police officers.

*Monell Liabilities*

49. Plaintiffs incorporate by reference all paragraphs contained herein.

50. The City of Baytown's customs, policies, and practices encourage constitutional violations by its officers. The deliberately indifferent defacto policies and practices implemented were the moving force behind the unlawful arrest and excessive force the Plaintiffs suffered. The City of Baytown's

8

and its chief's failure to train and deficient training, supervision, control, and discipline of its officers, including Brown and Miller, resulted in constitutional violations of the Plaintiffs. Thereby leading the Baytown police officers to believe their actions will never be meaningfully scrutinized.

51. Although the plaintiffs need not name the actual policymaker at the pleading stage, they believe that Keith Dougherty, the City's Chief of Police, is the City of Baytown's policymaker for law enforcement purposes. He issues orders and has full policymaking authority through the city council. Through discovery, plaintiffs will identify with certainty the applicable policymaker. Baytown's action, inaction, policies, practices, and customs related to the conduct by its officers directed to Skylar and Isaiah were moving forces behind the violations of their constitutional rights and damages suffered.

52. There were various instances of excessive force and wrongful arrest previously and after Plaintiff's cause of action, causing injuries or death. As such, Baytown and Chief Dougherty ratified actions as their own and implemented policies, practices, customs, and procedures with deliberate indifference to the constitutional rights of citizens and others within Baytown, Texas.

53. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of Baytown Police violate the constitutional rights of individuals in a manner like that alleged by Skylar Gilmore and Isaiah Phillips, herein, regularly. Yet, the City of Baytown investigates officer misconduct and makes findings of wrongdoing in a disproportionately small number of cases.

54. Due to The City of Baytown policies and practices and the unjustified and unreasonable conduct of the Defendants, Brown and Miller, the Plaintiffs have suffered physical pain and mental anguish.

55. The misconduct by the defendants Brown and Miller were objectively unreasonable and undertaken with willfulness and deliberate indifference to the rights of others. In addition, the misconduct and excessive force described in the complaint "shocks the conscience."

*Prior Instances of Excessive Use of Force by The City of Baytown Officers*

56. On May 12, 2014, Baytown Det. Edgar Elizondo arrested 19-year-old Rodolfo Zepeda, 24-year-old Edgar Garcia, and 23-year-old Christian Zepeda for interference with public duties. In addition, 53-year-old Maria Zepeda was arrested and was seen on the video being shot with a Taser, although she was not a threat to the officers or others to warrant such use of force. The officer went on to spray pepper spray so recklessly that even several young children complained that they had been pepper-sprayed. They can be seen crying in video footage. The charges were dismissed.

57. On February 13, 2016, Baytown Officers tasered and wrongfully arrested Alfred Thomas and Jamarcus Thomas based upon a noise complaint. However, neither was a threat to the officers or others to warrant such use of force. Accordingly, the court dismissed The charges.

58. On May 27, 2016, Baytown Officers Sims and Serrett were involved in an incident where they used excessive force and violated another innocent person's constitutional rights in Baytown.

59. In that incident, Baytown officer Sims and another Baytown officer stopped a man on suspicion of driving while intoxicated. The passenger's wife, who was sitting in the vehicle, stepped out of the car to record the police encounter. She never left the sidewalk.

60. The other Baytown officer stepped in front of her and obstructed her from recording the incident. He asked the wife for her cell phone, and she refused, citing that she had a right to record and that she was not interfering with the officers' duties.

61. She alleged that Sims violently slammed her to the ground. The charges were subsequently dismissed.

62. Sims illegally arrested the wife for refusing to turn over her phone to the other officer.

63. On July 7, 2019, Baytown officers Brown, Sims, Serret, and McDaniel, engaged in excessive force against an individual driving through Baytown on his way home.

64. Kedric Crawford had stopped at an HEB parking lot to use the GPS on his phone.

65. As he was in his vehicle in the parking lot, he was approached without reason by Baytown officers Sims and Serrett. They asked him why he was there, and he told them he was on his way home from Houston. He permitted the officers to search his vehicle. While Serret searched his vehicle, Crawford asked Sims when will he be free to go, and Sims answered whenever. Moments later, Sims grabbed Crawford violently, slammed him on the vehicle's hood, then to the ground, and began to beat him with closed and open fists.

66. Officer Serrett and Shane Dunlap, a citizen who was a City of Baytown, approved ride-along, joined in and began choking, beating, and tasing Crawford. Officer Brown and McDaniel arrived five to ten minutes later, and they both immediately engaged excessive force by striking the victim with a baton, and prodding Crawford with her foot. Brown assisted in pinning him on the ground, driving his knees into his back, and scraping his face against the concrete. Reminding the victim that he was "bleeding his ass off."

67. The City of Baytown's Chief Dougherty reviewed the body camera footage and offense reports contradicting each other and did nothing to prevent further unconstitutional conduct by its officers.

68. The officers were not reprimanded for their actions. In fact, he allowed charges against

Crawford for scratching an officer with his fingernail to continue. He stated the officers were not in violation of any policy after being aware that the victim was savagely tortured by four of his officers and a civilian.

69. In October 2018, Ashley Serbe and her friends, Kyla Holder, Savanna Frazier, and John Reyes, were attacked, illegally detained, and arrested for cursing and filming the police. Brown took the cell phone and smashed it on the ground[1].

70. When her companion, John Reyes, attempted to pick the phone up, he was slammed to the ground without warning, just as was the case with Skylar and Isaiah.

71. In November 2018, two Baytown officers held Jorge Soto to the ground and punched him in the face, although he was not resisting. The incident was captured on a cell phone video.

72. On January 23, 2019, Officer alleged Raphael White was resisting arrest. White denied it. They inquired about their friend. "No, sir, I'm not. Both hands are behind my back. Can you please just put me in cuffs? Don't let that dog — I fear for my life behind the dog. I've never been bit by a dog." Brown next ordered another officer by stating, 'Nah, sic the dog on him." The K-9 attacked White, and the video shows the dog biting White's arm.[2]

73. Jeff Sprecaher encountered Baytown Officer Christopher Felder, ripped the handle off the door, broke the driver's side window, and tried pulling the unarmed teen out through the shattered glass. When he couldn't manage to yank Sprecher from the car, Felder allegedly reached in, opened the door from the inside, and pulled him out.

74. On May 13, 2019, Pamela Turner was tasered and fatally shot by Baytown police Officer

---

[1] https://www.youtube.com/watch?v=xO-55qk4Ir0
[2] https://www.fox26houston.com/news/baytown-police-release-video-of-violent-arrest

Juan Delacruz. He claimed that Ms. Turner was a threat, although he knew that when she gained custody of his taser, she could not have used it on him as he described as his basis for the threat to support the use of deadly force against her. DelaCruz was used as an enforcer of the apartment complex manager who disagreed with Ms. Turner earlier that day. DelaCruz harassed and stalked her and lied about the reason for stopping and detaining her, claiming she had an open warrant.

75. She begged him to leave her alone. Then she tried to employ the best defense mechanism that she could by proclaiming, "I'm pregnant," although not true, it was to gain some sympathy and leniency from the officer as he attacked her. Thankfully, She was able to gain control of the taser after she had been tasered for no reason.

76. Video footage depicts Delacruz standing over Ms. Turner before he appeared to back away, then shoot five times.

77. Despite the unlawful killing of Pamela Turner and DelaCruz's false report of the events on government documents, he remains without discipline and is employed by the Baytown police department.

78. On July 7, 2019, within hours of the attack, the use of excessive force and the wrongful arrest of Kedric Crawford, Defendant Brown, and the roving pack of other Baytown officers Sims, Serrett, and McDaniel were involved in another civilian attack. The same officers again deployed tasers and used excessive force against the cooperating civilian without justification resulting in a false arrest.

79. Baytown investigates officer misconduct and makes findings of wrongdoing in a disproportionately small number of cases.

***Unlawful Wrongful Arrest and Malicious Prosecution  Illegal Seizure under 4th Amendment***

80. Plaintiffs incorporate by reference all paragraphs contained herein.

81. As described in the preceding paragraphs Brown and Miller fabricated evidence by providing false affidavits to support criminal charges and the prosecution of the Plaintiffs. Additionally, Brown and Miller provided perjured evidence to the District Attorney that Skylar and Isaiah were interfering with public duties because they were inquiring about their friend being arrested, engaging in speech only. Brown and Miller did so with malicious intent seething anger directed toward Plaintiffs with a knee to the face and violent shove into a car and pinned down.

82. Brown and Miller initiated criminal charges without probable cause that resulted in the violation of Skylar and Isaiah's rights pursuant to the Fourth Amendment and Fourteenth Amendment, specifically those related to improper and malicious prosecution, wrongful initiation of legal process (criminal prosecution), fabrication of evidence to support the illegal arrest, and the right to due process.

***Failure to train or supervise***

83. Plaintiffs incorporate by reference all paragraphs contained herein.

84. At all times relevant hereto, all of the Plaintiff's inalienable and fundamental liberty interests were protected by the Constitution.

85. Chief Dougherty violated Skylar's and Isaiah's constitutional rights by failing to discipline, train or supervise Brown and Miller. Instead, he upheld their actions with deliberate indifference after his officers violated the constitutional rights of others, leading up to the violation of the constitutional rights of Skylar and Isaiah.

86. Brown slammed Skylar Gilmore.

14

87. Brown also kneed Skylar in the face as he was sitting down and was non-combative.

88. Brown and Miller slammed a non-combative Isaiah onto the hood of a vehicle.

89. Chief Dougherty failed to train or supervise Brown and Miller in the use and application of force, along with de-escalation techniques.

90. Additional training or supervision, or discipline by The City of Baytown and Chief Dougherty would have prevented Skylar and Isaiah's constitutional rights from being violated, damages and injuries.

## VI. TOLLING

91. PLAINTIFF ASSERTS ALL APPLICABLE TOLLING PROVISIONS THAT APPLY, INCLUDING BUT NOT LIMITED TO THE DISCOVERY RULE, TOLLING DUE TO HARRIS COUNTY'S EMERGENCY ORDER DUE TO THE WORLDWIDE PANDEMIC RELATED TO COVID-19, FROM MARCH 13 UNTIL JUNE 1, FOR A TOTAL OF 79 DAYS, TOLLING RELATED TO EVERYDAY THAT THE DEFENDANTS WERE NOT AMENABLE TO SUIT SERVICE WHILE THE DEFENDANT RESIDENT WAS OUT OF THE STATE OF TEXAS, FOR THE PERIOD OF INCARCERATION, AND AT THE COURT'S DISCRETION.

## VII. DAMAGES

92. Plaintiffs seek all damages allowed by law due to the aforementioned forming the basis for each of his causes of action. Plaintiffs request damages within the jurisdictional limits of the Court, including:

a. Physical pain and mental anguish;

b. Loss of earning capacity and lost wages;

d. Physical impairment;

f. Out-of-pocket economic losses.

g. other expenses related to the arrest and prosecution of Isaiah Phillips and Skylar Gilmore; and

h. exemplary/punitive damages.

i. Plaintiff's reasonable and necessary attorneys' fees;

j. Costs of court;

k. Pre-judgment and post-judgment interest at the highest rates allowable by law;

j. relief against Defendants barring the use of strikes to the head altogether and barring the use of body slams and taser guns in non-threatening situations; and

l. For such other and further relief, both general and special, at law and in equity, to which Plaintiffs may show themselves entitled.

93. The damages sustained by Plaintiffs were proximately caused by Defendants as set forth herein.

94. Plaintiffs respectfully request the Court and jury determine the amount of the loss Plaintiffs have incurred in the past and will incur in the future.

95. Certain elements of damages provided by law that the Plaintiffs are entitled to have the jury in this case separately consider determining the sum of money for each element that will fairly and reasonably compensate the Plaintiff.

## VII. ATTORNEYS FEES

96. After prevailing herein, Plaintiffs are entitled to recover reasonable and necessary attorneys

16

fees and costs to enforce their constitutional rights under 42 U.S.C. §§ 1983 and 1988 from Defendants.

## VIII. REQUEST FOR DISCLOSURE

97. Under Texas Rule of Civil Procedure 194.2, Plaintiffs request that Defendants disclose the information or material described in all Texas Rule of Civil Procedure 194.2 (a)-(1).

## IX. JURY DEMAND

98. Pursuant to Texas Rule of Civil Procedure 216, Plaintiffs respectfully request and demand a trial by jury.

## X. PRAYER

99. Plaintiffs pray that a judgment against Defendants for actual damages shown and proven at trial, for prejudgment, post-judgment interest, for costs of court, and all other relief, legal and equitable, to which he is entitled.

Respectfully submitted,
By: /s/ U.A. Lewis
U.A. Lewis
The Lewis Law Group
SBN: 24076511
FBN: 1645666
P.O. Box 27353, Houston, TX 77227
Phone: (713) 570-6555 Fax: (713) 581-1017
myattorneyatlaw@gmail.com
Attorney for Plaintiffs

Steven Goins
Law Office of Steven Goins
SBN: 24038204
10951 Scarsdale Houston, TX 77089
Phone:(832) 419-5218

plusoneq@hotmail.com

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

U.A. Lewis on behalf of U.A. Lewis
Bar No. 24076511
myattorneyatlaw@gmail.com
Envelope ID: 65130993
Status as of 6/6/2022 8:47 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| office@thelewislaw.com office@thelewislaw.com | | office@thelewislaw.com | 6/3/2022 11:24:56 PM | SENT |