United States District Court
Southern District of Texas
**ENTERED**
March 03, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISAIAH PHILLIPS AND SKYLAR GILMORE, | § § § § | |
| *Plaintiffs*, | § § | |
| vs. | § § | Case No. 4:22-CV-2197 |
| CITY OF BAYTOWN, *et al.*, | § § § | |
| *Defendants*. | § § | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTIONS TO DISMISS**

This is a suit asserting constitutional violations arising out of Plaintiffs' arrests against the City of Baytown, and the two arresting officers. Pl.'s First Am. Compl., ECF No. 8. Pending before the Court are Defendants Officer Nathaniel Brown and Sergeant John Miller's (collectively, "Officers") motion to dismiss, Officer's Mot., ECF No. 9, as well as the City of Baytown's ("Baytown") motion to dismiss Plaintiffs' first amended complaint, Baytown's Mot., ECF No. 11, (the Officers and Baytown are referred to collectively as "Defendants").[1]

Plaintiffs Isaiah Phillips ("Phillips") and Skylar Gilmore ("Gilmore") filed

---

[1] The District Judge to whom this case is assigned referred these motions to dismiss in accordance with 28 USC § 636(b)(1)(B). Order, ECF No. 13. A motion to dismiss is a dispositive motion appropriate for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(A); *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016).

this action under 42 U.S.C. § 1983, asserting violations of the First, Fourth, and Fourteenth Amendments to the U.S. Constitution, including claims of use of excessive force, wrongful arrest, malicious prosecution, and illegal seizure based on their arrest. ECF No. 8; Pls.' Resp., ECF No. 19 at 6.[2] Defendants move to dismiss, asserting that Plaintiffs fail to allege facts that state a plausible claim for relief.  ECF No. 9 at 1; ECF No. 11 at 3–4. Plaintiffs oppose the motions, arguing that their complaint is sufficient to put Defendants on notice of their claims. ECF No. 19. Based on a careful review of the complaint, the briefing, and the law, the Court concludes that the motions to dismiss have merit and should be granted.

---

[2] In their complaint, Plaintiffs assert the following claims: (1) assault and battery; (2) violations of the Fourteenth Amendment's due process clause, the Fourth Amendment for excessive force and illegal seizure, and the First Amendment; (3) *Monell* liabilities; (4) violation of the Fourth and Fourteenth Amendments for wrongful arrest, malicious prosecution, and illegal seizure; and (5) failure to train or supervise. Officers argue that Plaintiffs have added claims in their response that were not alleged in the complaint, including false imprisonment, retaliation under the First Amendment. Officers' Reply, ECF No. 21 at 1-3. Plaintiffs' allegations in paragraphs 14, 20-23, and 47 provide enough factual support for the assertions that Gilmore was arrested for using profanity, and Phillips was arrested for asking why Gilmore was being arrested to put Defendants on notice of a claim for retaliation under the First Amendment. *Westfall v. Luna*, 903 F.3d 534, 550 (5th Cir. 2018). Likewise, their allegations in paragraphs 26 and 87 are sufficient to put Defendants on notice for their claims for false imprisonment that they were arrested without probable cause. *Baugh v. City of Port Lavaca, Tex.*, No. 6:20-CV-00007, 2022 WL 980270, at *5 (S.D. Tex. Mar. 30, 2022) (quoting *Arnold v. Williams*, 979 F.3d 262, 269 (5th Cir. 2020)). *Cf. Pierce v. Houston Cmty. Coll. Sys.*, No. 4:21-CV-00346, 2022 WL 4292337, at *2 (S.D. Tex. Sept. 15, 2022) (Ellison, J.) (finding although one of the allegations was insufficient to plead an official policy theory of liability, a second allegation provided enough factual support to constitute a sufficiently pled claim).

## I.      BACKGROUND

In their First Amended Complaint ("complaint"),[3] Plaintiffs allege the following facts, which the Court takes as true for the purpose of ruling on the motions.

On the day of their arrest, Phillips and Gilmore were driving though Baytown, Texas with some friends. ECF No. 8 at ¶ 9. A Baytown officer stopped one of their friends, so Phillips and Gilmore also stopped their vehicle and inquired about the reason for the stop. *Id*. ¶ 10. At some point, Officer Brown turned his attention to Plaintiffs. *Id*. ¶ 13. Officer Brown walked across the parking lot, approached Gilmore, told Gilmore he was cursing in public, forcefully grabbed Gilmore's hand, and told him to put his hands behind his back. *Id*. ¶ 14. Gilmore complied. *Id.* ¶ 15. Then, Officer Brown grabbed Gilmore, threw him up against a wall, and caused Gilmore's phone to fly out of his hand. *Id*. ¶ 16. Next, Officer Brown threw Gilmore on the ground, kneed him in the face, and demanded that Gilmore put his hands behind his back. *Id*. ¶ 17–19. Officer Brown arrested Gilmore for interference with

---

[3] Before this suit was filed, on July 6, 2021, Plaintiffs filed a nearly identical suit in state court that was removed to federal court and assigned to Judge Hughes. *Phillips et al. v. City of Baytown et al.*, No. 4:21-cv-2690. Plaintiffs quickly dismissed that suit. *Id.*, Order of Voluntary Dismissal, ECF No. 6. Nearly ten months later, on June 3, 2022, Plaintiffs filed this suit in state court. *See Isaiah Phillips and Skylar Gilmore v. City of Baytown, et al.*, No. 2022-33378 (11th Judicial District Court of Harris County, Texas), ECF No. 1-1. Baytown removed the suit to federal court. ECF No. 1. Officers filed a motion to dismiss, ECF No. 4; however, Plaintiffs amended their complaint, ECF No. 8, mooting that motion to dismiss. The pending motions to dismiss address the amended complaint. ECF Nos. 9 & 11.

public duties and disorderly conduct. *Id*. ¶ 20.

At that point, Phillips asked why Gilmore was being arrested. *Id*. ¶ 21. In response, both Officer Brown and Sergeant Miller grabbed Phillips and slammed him on the hood of a car hard enough to cause a dent in the vehicle. *Id*. ¶ 22. Phillips was also arrested for interference with public duties and disorderly conduct. *Id*. ¶ 23.

In their complaint, Plaintiffs claim that the Baytown Police regularly violate the constitutional rights of individuals through use of excessive force. *Id*. ¶ 58. Plaintiffs' complaint alleges eleven specific incidents of the use of excessive force the Baytown Police committed, *id*. ¶¶ 61–82, including seven incidents between 2016 and 2019 of alleged excessive physical force, *id*. ¶¶ 66, 70, 74–77, and one incident resulting in a fatal shooting, *id*. ¶ 79. Notwithstanding the number of cases involving excessive force, Plaintiffs allege only a small number of cases involving Baytown Police officer misconduct resulted in findings of wrongdoing. *Id*. ¶ 83.

According to Plaintiffs, Keith Dougherty, Baytown's Chief of Police, was aware that the police department's supervision and training policies were defective, incomplete, or routinely ignored by its officers to the extent that the policies facilitated or permitted the use of excessive force against civilians in Baytown. *Id*. ¶ 43. Furthermore, Plaintiffs allege that Baytown promoted, adopted, and promulgated a policy or custom of allowing its arresting deputies to utilize excessive force when arresting citizens and not interfering to prevent the use of excessive

4

force. *Id*. ¶ 41. Additionally, they contend that Chief Dougherty's inadequate training and supervision of his officers and inaction allegedly "promoted" the use of excessive force against Plaintiffs, which is representative of deliberate indifference and a custom of excessive force within Baytown Police Department. *Id*. ¶¶ 41, 44.

In addition to the Plaintiffs' complaint, the Defendants assert that both Plaintiffs pled no contest to the charge of disorderly conduct and were convicted on that charge. Judgment, *State of Texas v. Skylar Gilmore*, No. 20-005107 (Baytown Municip. Ct. of Record June 3, 2020), ECF No. 9-3 (shows judgment of conviction signed on 6/3/20); Judgment, *State of Texas v. Isaiah Leon Phillips*, No. 20-005108 (Baytown Municip. Ct. of Record June 3, 2020), ECF No. 9-6 (shows judgment of conviction signed on 6/3/20). The charge of interference with public duties was dismissed. *See* Order and Notice, *State of Texas v. Skylar Gilmore*, No. 2313474010101 (Harris Cnty. Crim. Ct. June 4, 2020), ECF No. 9-8.

## II.     THE LEGAL STANDARD FOR A MOTION TO DISMISS.

Baytown brings its motion to dismiss pursuant to Rule 12(c), recognizing that it is the same standard as under Rule 12(b)(6). ECF No. 11 at 4.[4] Officers bring their

---

[4] As Baytown noted, a Rule 12(c) motion may only be filed after the close of the pleadings. *Id.* The pleadings are considered closed "upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed." *Mandujano v. City of Pharr, Tex.*, 786 F. App'x 434, 436 (5th Cir. 2019). Thus, Baytown's Rule 12(c) motion to dismiss is premature because neither Officers nor Baytown have filed an answer. *See Ward v. Am. Red Cross*, No. 3:13-CV-1042-L, 2013 WL 2916519, at *1 (N.D. Tex. June 14, 2013). Nonetheless, a premature Rule 12(c) motion can be considered as a Rule 12(b)(6) motion when

motion to dismiss pursuant to Rule 12(b)(6). ECF No. 9 at 1. Because "the standard for dismissal under Rule 12(c) is the same as [the standard] for dismissal for failure to state a claim under Rule 12(b)(6)", the Rule 12(b)(6) standard applies. *Union Pac. R.R. Co. v. City of Palestine, Tex.*, 41 F.4th 696, 703 (5th Cir. 2022) (quoting *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)).

Rule 12(b)(6) provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (cleaned up); *Duke Energy Int'l v. Napoli*, 748 F. Supp. 2d 656, 664-65 (S.D. Tex. 2010).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The complaint must include more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). A complaint must "contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that

---

the defendant had not yet filed an answer. *OPF Enters., LLC v. Evanston Ins. Co.*, No. 4:21-CV-01835, 2021 WL 4710948, at *2 (S.D. Tex. Oct. 7, 2021) (Ellison, J.).

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *King v. Baylor Univ*., 46 F.4th 344, 355–56 (5th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678). "[A] complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief— including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017) (quoting *Taylor v. City of Shreveport*, 798 F.3d 276, 279 (5th Cir. 2015)) (cleaned up).

The ultimate question "is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." *Ironshore Eur. DAC v. Schiff Hardin, L.L.P*., 912 F.3d 759, 763 (5th Cir. 2019) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (cleaned up). Also, courts "may consider sources outside of the complaint, such as documents incorporated into the complaint by reference and matters of which the court may take judicial notice." *Fort Bend Cnty. v. U.S. Army Corps of Eng'rs*, No. 21-20174, 2023 WL 1465325, at *8 (5th Cir. Feb. 2, 2023) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007)).

## III.    PLAINTIFFS' CONSITUTIONAL CLAIMS FAIL.

Defendants contend that Plaintiffs constitutional claims fail. First, Defendants contend that the applicable statute of limitations bars Plaintiffs' excessive force, false arrest, and malicious prosecution claims, and Plaintiffs failed to allege facts

implicating tolling. ECF No. 9 at 11–18; ECF No. 11 at 5-11. Second, Defendants contend that the favorable determination doctrine bars Plaintiffs' claims based on the propriety of their arrests. ECF No. 9 at 18–19; ECF No. 11 at 11. Third, Defendants contend Plaintiffs fail to state a claim under the Fourteenth Amendment as a matter of law. ECF No. 9 at 19; ECF No. 11 at 11-12. Fourth, Officers contend Plaintiffs fail to state plausible claims under the Fourth Amendment. ECF No. 9 at 20–23. Fifth, Officers contend Plaintiffs fail to allege facts which overcome qualified immunity. ECF No. 9 at 23–26. Finally, Baytown contends that Plaintiffs' §1983 claims should be dismissed because they have pled insufficient facts to state a claim against Baytown. ECF No. 11 at 3.

**A. Section 1983 Provides A Mechanism For Asserting Constitutional Rights.**

Plaintiffs' constitutional claims are brought under § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. However, this statutory provision "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."

8

*Flores v. City of San Benito, Tex.*, No. 1:20-CV-169, 2021 WL 4851839, at *3 (S.D. Tex. Sept. 27, 2021), *report and recommendation adopted*, 2021 WL 4845783 (S.D. Tex. Oct. 18, 2021) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)).

For a § 1983 claim, a plaintiff must allege: "(1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation." *Flores*, 2021 WL 4851839, at *3 (citing *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013)). Here, Plaintiffs allege constitutional violations under the First Amendment for retaliation, under the Fourth Amendment for excessive force, false arrest/imprisonment, illegal seizure, and malicious prosecution, and under the Fourteenth Amendment for false arrest.

The Court first addresses whether the applicable statutes of limitations bar Plaintiffs' claims. Second, the Court considers Defendants' arguments relating to Plaintiffs' Fourth Amendment claims about the propriety of the arrests. The Court will then turn to Plaintiffs' Fourteenth Amendment claims, Officer Defendants arguments for qualified immunity, and Plaintiffs' *Monell* and failure-to-train-or-supervise claims against Baytown.

## B. The Statute Of Limitations Bars Plaintiffs' Fourth Amendment Claims For Excessive Force and Malicious Prosecution but not False Arrest.

Defendants assert that Plaintiffs' claims for excessive force, false arrest, and malicious prosecution are time-barred. Under Rule 12(b)(6), Defendants bear the burden to show that the factual allegations in the complaint show that the action is

time-barred and the pleadings fail to raise a basis for tolling. *Simon v. Roche Diagnostics Corp.*, No. 4:20-CV-3625, 2020 WL 9457065, at *1 (S.D. Tex. Dec. 4, 2020), *aff'd*, 851 F. App'x 533 (5th Cir. 2021); *Est. of Sturdivant v. Smith*, No. 5:19-CV-22, 2020 WL 6791519, at *1 (S.D. Miss. June 22, 2020). Defendants have met their burden with respect to Plaintiffs' excessive force and malicious prosecution claims but have failed to establish that Plaintiffs' claims for false arrest are time-barred.

## 1.  Limitations bars Plaintiffs' excessive force claims unless tolling applies.

Plaintiffs' complaint alleges violations under the Fourth Amendment based on use of excessive force. ECF No. 8 at ¶¶ 35-39. Because § 1983 does not include a statute of limitations period, courts "borrow the relevant state's statute of limitations for personal injury actions." *Matter of Hoffman*, 955 F.3d 440, 443 (5th Cir. 2020) (cleaned up). "In Texas that is two years from the date the cause of action accrues." *See Morrill v. City of Denton, Tex.*, 693 F. App'x 304, 305 (5th Cir. 2017) (cleaned up)); *see also* TEX. CIV. PRAC. & REM. CODE § 16.003(a). Thus, Plaintiffs' excessive force claims are subject to a two-year bar.

### a.  Accrual Date

Defendants argue that the claim began to run on June 2, 2020, the date of the arrest. Plaintiffs fail to address the accrual date and instead argue that the statute of limitations was tolled.

Even though the state's statute of limitations applies, federal law determines when a claim accrues. *Matter of Hoffman*, 955 F.3d at 444. Federal law "sets the date a claim accrues at the time the plaintiff becomes aware that [the plaintiff] has been injured." *Salas v. City of Galena Park*, No. 21-20170, 2022 WL 1487024, at *8 (5th Cir. May 11, 2022) (citing *Piotrowski v. City of Hous.*, 51 F.3d 512, 516 (5th Cir. 1995)). The two-year statute of limitations for an excessive force claim begins to run on the day the alleged excessive force took place. *Morrill*, 693 F. App'x at 306–07.

The excessive force took place on the date of Plaintiffs' arrest. ECF No. 8 at ¶¶ 14–22. Despite the details regarding the use of force leading up to their arrest, Plaintiffs failed to plead the date of their arrest. *See id.* ¶¶ 9–10, 13–23.[5] Defendants assert that Plaintiffs were arrested on June 2, 2020, ECF No. 9 at 9; ECF No. 11 at 6, and urge the Court to take judicial notice of this fact contained in government judicial records, including the criminal charges and Plaintiffs' prior admission in the complaint filed in the first case in Judge Hughes' court, ECF No. 9 at 9 n.1, 23; ECF No. 11 at 6-7. Plaintiffs fail to respond to this argument. ECF No. 19 at 6-8.

The court may consider sources beyond the pleadings relevant to the defense of limitations that does not involve an allegation necessary to the claim. *Nobre on*

---

[5] "[A] plaintiff is not required to anticipate or overcome affirmative defenses, such as expiration of that statute of limitations, in the complaint." *Nobre on behalf of K.M.C. v. Louisiana Dep't of Pub. Safety*, 935 F.3d 437, 442 (5th Cir. 2019).

*behalf of K.M.C.*, 935 F.3d at 442 (finding the district court's confining its analysis to the pleadings was in error when the pleadings included an allegation not necessary to state a claim but relevant to the defense of limitations, and when information outside the pleadings filled in related details absent from the complaint and also relevant to the defense of limitations). For an excessive force claim, the date of the arrest is "not necessary to state a claim, but [is] relevant to the defense of limitations." *Nobre*, 935 F.3d at 442.[6] Thus, at the motion to dismiss stage, "[t]he court can . . . take judicial notice of pleadings filed in state or federal courts." *Scrushy v. Tucker*, No. CV-H-21-2309, 2021 WL 3667329, at *2 (S.D. Tex. Aug. 18, 2021) (citing *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007)); *Adams v. Nissan N. Am., Inc.*, 395 F. Supp. 3d 838, 848 (S.D. Tex. 2018) (Ellison, J.) (quoting *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)) ("Courts may take judicial notice of publicly-available documents . . . which [are] matters of public record directly relevant to the issue at hand.").

Defendants have established the date of arrest. The date of Gilmore's arrest—June 2, 2020—is contained in a public record relating to Gilmore's interference with the public duties charge in Harris County. Complaint, *State of Texas v. Skylar*

---

[6] "To state a Fourth Amendment excessive force claim, a plaintiff must plausibly allege: (1) an injury (2) which resulted from the use of force that was clearly excessive to the need and (3) the excessiveness of which was objectively unreasonable." *Chapa v. City of Pasadena*, No. 4:21-CV-3444, 2022 WL 3091546, at *9 (S.D. Tex. July 15, 2022), *report and recommendation adopted*, No. 4:21-CV-03444, 2022 WL 3084475 (S.D. Tex. Aug. 2, 2022) (cleaned up).

*Gilmore*, No. 2313474 (Harris Cnty. Crim. Ct. No. 16 June 3, 2020), ECF No. 9-7 (shows date of arrest 6/2/20). Likewise, in their first federal court action in Judge Hughes' court, Plaintiffs pled that June 2, 2020 was the date of their arrest. ECF No. 11 at 2 (citing *Phillips et al., v. City of Baytown et al.*, No. 4:21-cv-2690, Pls'. Orig. Pet., ECF No. 1 at 7, ¶ 12). Thus, the Court takes judicial notice of the arrest date. *See Avila v. Reynolds*, No. A-22-CV-00046, 2022 WL 299685, at *2 (W.D. Tex. Feb. 1, 2022) (taking judicial notice of public records relating to the plaintiff's criminal charges in Hays County). Although they failed to allege the date of arrest, in their response, Plaintiffs agree they were arrested on June 2, 2020. ECF No. 19 at 6 ("Phillips and Gilmore were detained on June 2, 2020.").

### b. Plaintiffs filed their claim one day after limitations ran.

Because Plaintiffs' claims began to accrue on the date of their arrest, June 2, 2020, they had until June 2, 2022 to bring their excessive force claims, *see Morrill*, 693 F. App'x at 307 ("Morrill's constitutional injury was complete on the day the alleged excessive force took place" and his excessive force claim accrued two years from that date). Plaintiffs filed their lawsuit on June 3, 2022, ECF No. 1-1, one day after the limitations expired. Therefore, the excessive force claims are barred unless tolling applies. *See Morrill*, 693 F. App'x at 307.

### 2. Plaintiffs' false arrest claims are not barred.

The statute of limitations for Plaintiffs' false arrest claims arising in Texas

under § 1983 is two years. *Vieyra v. Harris County*, No. 10-cv-1412, 2010 WL 4791518, at *3 (S.D. Tex. Nov. 17, 2010) (Ellison, J.). The parties disagree as to when the statute of limitations began to run. Officers argue that it ran from the date they were detained pursuant to legal process and claim Plaintiffs' claims fail because they did not allege facts showing their lawsuit was commenced within two years of the date they were detained by legal process. ECF No. 9 at 13. Without citing any dates, Baytown argues that Plaintiffs' judicial admission in the suit filed in Judge Hughes' court proves that the false arrest claims are barred. ECF No. 11 at 7. However, Defendants fail to show the date of accrual of the claim or that it was not within the two year limitations period. Plaintiffs assert that the statute of limitations did not begin to run until June 3, 2002, ECF No. 19 at 7, which was the date they appeared before the court and pled no contest to the charge of disorderly contest.

On a claim for false arrest under § 1983, the statute of limitations begins to run when the victim ceases being held unlawfully and becomes held pursuant to legal process, for example, when a magistrate judge orders his detention or arraignment on the charges. *Vieyra*, 2010 WL 4791518, at * 3. Here, the Court takes judicial notice of the same documents Defendants submitted, showing that Gilmore and Phillips appeared before the criminal court on June 3, 2020 to plead no contest to the charges. Judgment, *State of Texas v. Skylar Gilmore*, No. 20-005107 (Baytown Municip. Ct. of Record June 3, 2020), ECF No. 9-3 (shows judgment of conviction

signed on 6/3/20); Judgment, *State of Texas v. Isaiah Leon Phillips*, No. 20-005108 (Baytown Municip. Ct. of Record June 3, 2020), ECF No. 9-6 (shows judgment of conviction signed on 6/3/20). Therefore, Plaintiffs timely filed their false arrest charges two years later on June 3, 2022.

### 3. Limitations bar Plaintiffs' malicious prosecution claims unless tolling applies.

Malicious prosecution claims must be brought within one year of the day the cause of action accrues. TEX. CIV. PRAC. REM. CODE § 16.002(a). Limitations begins to run "upon the termination of the criminal prosecution." *Vieyra*, 2010 WL 4791518, at *3. Plaintiffs filed their suit on June 3, 2022.

Arguing that the one year limitations period applies to malicious prosecution claims, Officers assert that court records show that Plaintiffs were convicted of the offenses underlying their arrests and therefore cannot show a claim of malicious prosecution. ECF No. 9 at 13; ECF No. 11 at 7. Plaintiffs claim that the two year limitations period applies and therefore the claims are timely. ECF No. 19 at 7.

Although Gilmore and Phillips were convicted of disorderly conduct on June 3, 2020. Judgment, *State of Texas v. Skylar Gilmore*, No. 20-005107 (Baytown Municip. Ct. of Record June 3, 2020), ECF No. 9-3 (shows judgment of conviction signed on 6/3/20), Judgment, *State of Texas v. Isaiah Leon Phillips*, No. 20-005108 (Baytown Municip. Ct. of Record June 3, 2020), ECF No. 9-6 (shows judgment of conviction signed on 6/3/20), Plaintiffs base their claim for malicious prosecution

15

on the interference with public duty charges, ECF No. 19 at 10-11. This charge against Gilmore was dismissed on June 4, 2020. Order, *State of Texas v. Skylar Gilmore*, No. 231347401010 (Harris Cnty. Crim. Ct. No. 16 June 5, 2020), ECF No. 9-8 (shows order of dismissal signed on 6/4/20). Thus, Gilmore should have brought his malicious prosecution claims no later than June 4, 2021. His claim was filed a year and a day after limitations ran and are barred unless tolling applies.

Although they provided the order of dismissal for Gilmore's charge, Defendants did not file the order of dismissal for the interference with public duty charge for Phillips. The Court searched the records of the state court and was unable to locate any interference charge or order dismissing that charge against Phillips. Thus, Defendants have failed to show that Phillips' malicious prosecution claims based on the interference with public duty charge is time-barred.

### 4.  Plaintiffs' allegations in their complaint foreclose a basis for tolling.

Plaintiffs argue that the excessive force claim is tolled until September 1, 2020. ECF No. 19 at 7–8. Federal courts refer to state law to "give effect to any applicable tolling provisions." *See Gibson v. Barrere*, No. 19-30581, 2022 WL 2067833, at *1 (5th Cir. June 7, 2022) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993)). The Court will apply this analysis to the malicious prosecution claims as well.

"Rule 12(b)(6) dismissal under a statute of limitation is proper only when the

16

complaint makes plain that the claim is time-barred and raises no basis for tolling."

*E.g., Petrobras Am., Inc. v. Samsung Heavy Indus. Co., Ltd*., 9 F.4th 247, 253 (5th Cir. 2021)). Plaintiffs' complaint is utterly devoid of facts that support application of any tolling theory. In fact, the tolling paragraph is nothing more that a run on sentence containing multiple tolling theories.[7] On a motion to dismiss, the court construes well-pleaded facts in plaintiff's favor, but is not bound by legal conclusions. *Cano v. Faust*, No. CV H-19-0317, 2022 WL 980276, at *2 (S.D. Tex. Mar. 31, 2022) (Ellison, J.) ("Federal Rule of Civil Procedure 12(b)(6) . . . must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court."). Thus, on its face, the complaint fails to support any factual basis for tolling.

In response to the motion to dismiss, Plaintiffs argue that their "claims against Baytown based on the excessive force by its officers can be tolled until September 1, 2020" based on a Texas Supreme Court Order. ECF No. 19 at 7, 8.[8] Without citing

---

[7] In their complaint, Plaintiffs allege tolling applies for the following reasons: (1) the discovery rule tolls their claims, (2) Plaintiffs did not have access to the courts because the clerk's office was closed to the public, (3) Plaintiffs allege that Harris County's Emergency Order, based on the COVID pandemic, tolled claims from March 13 until June 1, for a total of 79 days, (4) their claims are tolled for everyday the defendant resident was out of the state of Texas and not amenable to service, and (5) Plaintiffs were incarcerated. ECF No. 8 ¶ 96.

[8] In the complaint, Plaintiffs reference Harris County's Emergency Order. ECF No. 8 ¶ 96. This appears to have been in error, since in their response, while citing their complaint, they refer instead to Texas Supreme Court Emergency Orders. ECF No. 19 at 3 (citing ECF No. 8 at ¶ 96). Therefore, the Court construes Plaintiffs' allegation as being based on Texas Supreme Court Emergency Orders.

to any order, Plaintiffs contend "the Texas Supreme court has made it clear of its intentions to toll the statute of limitations until September 1, 2020." ECF No. 19 at 8. Plaintiffs have alleged no facts that show that the Texas Supreme Court's Emergency Order is applicable. Plaintiffs' response does not raise a basis for tolling.[9]

Apparently, Plaintiffs are referring to the Supreme Court's *Twenty-First Emergency Order*, which provides:

> Any deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and September 1, 2020, is extended until September 15, 2020.

*Twenty-First Emergency Ord. Regarding COVID-19 State of Disaster*, 609 S.W.3d 128, 129 (para. 3) (Tex. 2020). Contrary to Plaintiffs' argument, however, the Fifth Circuit has interpreted the Texas Supreme Court's *Twenty-First Emergency Order* in accordance with its plain language as extending deadlines falling in between the designated time-period, not as a tolling provision. In fact, the Fifth Circuit rejected an identical argument that an earlier emergency order tolled the limitations period in that case for eighty days. *Curry v. Valentin*, No. 22-20450, 2023 WL 1267253, at *2

---

[9] Although the Court fully considered each of Plaintiffs' tolling theories alleged in the complaint, none provide a basis for tolling. Because Plaintiff did not raise them in their response, any argument is waived. *In re Intercontinental Terminals Co., LLC*, No. 4:19-CV-1460, 2021 WL 4081575, at *8 (S.D. Tex. July 2, 2021), *report and recommendation adopted sub nom. In re Intercontinental Terminals Co., LLC, Deer Park Fire Litig.*, 2022 WL 3651968 (S.D. Tex. Aug. 24, 2022) (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003) ("[F]ailure to brief an argument in the district court waives that argument in that court.")).

(5th Cir. Jan. 31, 2023). The court held that "[b]ecause the filing deadline for Plaintiffs' action did not fall between March 13, 2020, and September 1, 2020, the two-year statute of limitations was not subject to extension." *Id.*

As in *Curry*, Plaintiffs' filing deadline did not fall in between March 13, 2020, and September 1, 2020, but instead the filing deadline for excessive force was June 2, 2022, and the malicious prosecution deadline was June 2, 2021; thus, the applicable statutes of limitations are not subject to tolling or an extension. *See id.*; *Martinez-Padilla v. Fort Bend Cnty.*, No. CV-H-20-3726, 2022 WL 540946, at *2 (S.D. Tex. Feb. 23, 2022) (Ellison, J.) (determining the plaintiff's reliance on a statutory provision in error "did not negate plaintiff's burden to file his lawsuit within two years from the date his causes of action accrued"); *Simon*, 2020 WL 9457065, at *3 (S.D. Tex. Dec. 4, 2020) (dismissing the plaintiffs' claims as time-barred when the Texas Supreme Court's *Twenty-First Emergency Order* extended the plaintiffs' filing deadline until September 15, 2020, and the plaintiffs filed their case on September 24, 2020). Moreover, Plaintiffs first filed an identical suit that was removed to Judge Hughes' court and was filed within the two year deadline, but not the one year deadline. However, Plaintiffs dismissed that suit and waited over nine months to file this suit, without providing any factual basis to support the delay. Thus, there is no support for tolling on this record.

Accordingly, Plaintiffs claims for excessive force and Gilmore's claim for

malicious prosecution are barred by limitations and should be dismissed. *See Campos v. City of Natchitoches*, 795 F. App'x 933, 935 (5th Cir. 2020) (affirming the dismissal of the plaintiff's claim for excessive force as time-barred when the last day to file the claim was April 16, 2018, and the plaintiff filed his complaint on April 17, 2018).

## C. The *Heck* Rule Bars Plaintiffs' False Arrest, Illegal Seizure, False Imprisonment, Malicious Prosecution, and First Amendment Retaliation Claims

Officers and Baytown argue that Plaintiffs' claims premised on the propriety of their arrests are barred under the favorable determination doctrine as the Supreme Court enunciated in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). ECF No. 9 at 18–19; ECF No. 11 at 10–11. In support, Defendants argue that governmental records, subject to judicial notice, establish that each Plaintiff has been convicted of committing an offense that supports the Plaintiffs' arrests on June 2, 2020. *See* ECF No. 9 at 19; ECF No. 11 at 11; ECF No. 21 at 5. Because Plaintiffs' disorderly conduct convictions are matters of public record directly relevant to Plaintiffs' claims based on the propriety of their arrests on June 2, 2020, the Court takes judicial notice of the Plaintiffs' disorderly conduct convictions. *Adams*, 395 F. Supp. 3d at 848. [10]

---

[10] The facts presented regarding Plaintiffs' disorderly conduct convictions come from documents that were filed in state court and thus are public records. Specifically, Officers attach the following documents filed in state courts: (1) a judgment finding Gilmore guilty of disorderly conduct, ECF No. 9-3; (2) an order denying Gilmore's motion for a new trial on his disorderly conduct

The *Heck* rule provides that "a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted." *Hoyle v. City of Hernando, Miss.*, No. 3:21-CV-00171, 2022 WL 4486997, at *2 (N.D. Miss. Sept. 27, 2022) (quoting *Green v. City of Moss Point, Miss.*, 495 F. App'x 495, 498 (5th Cir. 2012)). This means that "if a judgment in favor of the plaintiff in the § 1983 action would 'necessarily imply the invalidity of his conviction or sentence,' the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Bonner v. Pearcy*, No. 3:19-CV-274, 2022 WL 789686, at *4 (S.D. Tex. Feb. 24, 2022) (quoting *Heck*, 512 U.S. at 487). The Fifth Circuit has "applied *Heck* to bar claims for excessive force, false arrest, malicious prosecution, and other claims of unlawful seizure." *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 F. App'x 578, 583–84 (5th Cir. 2012).

Here, Plaintiffs respond, without further explanation, that their claims are not barred by the *Heck* rule. ECF No. 19 at 27. Because Plaintiffs did not respond to Defendants' arguments regarding dismissing their claims based on the *Heck* rule, Plaintiffs waived those arguments. *See Hosp. Internists of Austin, P.A. v. Quantum*

conviction, ECF No. 9-4; (3) a judgment finding Phillips guilty of disorderly conduct, ECF No. 9-6; and (4) an order denying Phillips' motion for a new trial on his disorderly conduct conviction, ECF No. 9-5.

*Plus, LLC*, No. 1:18-CV-466, 2019 WL 1922051, at *6 (W.D. Tex. Jan. 23, 2019) (finding the plaintiffs' claims were waived when the plaintiffs did not respond to the defendants arguments regarding dismissal) (citing *Magee v. Life Ins. Co. of N. Am.*, 261 F.Supp.2d 738, 748 n.10 (S.D. Tex. 2003)); *cf.* S.D. Tex. L.R. 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

Even if Plaintiffs had not waived the argument, the *Heck* rule would bar Plaintiffs' false arrest, illegal seizure, false imprisonment, malicious prosecution, and First Amendment retaliation claims. Public criminal court records for the Baytown Municipal Court indicate that each Plaintiff pleaded no contest to disorderly conduct. Specifically, the criminal court records show the following:

(1) On June 3, 2020, Gilmore pled no contest to disorderly conduct,[11] and the court found him guilty and assessed a fine of $325.00. *State v. Gilmore*, No. 20-005107 in the Municipal Court of Record at City of Baytown of Harris/Chambers County, Texas. ECF No. 9-3.

(2) On June 3, 2020, Phillips pled no contest to disorderly conduct,[12] and the court found him guilty and assessed a fine of $325.00. *State v. Phillips*, No. 20-005108 in the Municipal Court of Record at City of Baytown of Harris/Chambers County, Texas. ECF No. 9-6.

Plaintiffs' allegations conflict with their convictions for disorderly conduct. As the Fifth Circuit has explained, false arrest, illegal seizure, false imprisonment,

---

[11] A plea of no contest constitutes a conviction for *Heck* purposes. *Stepp v. Boswell*, No. 4:19-CV-03862, 2022 WL 1121039, at *1 (S.D. Tex. Apr. 14, 2022) (citing *Hernandez v. Boles*, 184 F.3d 819, at * (5th Cir. 1999)).

[12] *See id*.

and malicious prosecution claims "challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity." *Rouse v. Ard*, No. CV-18-583, 2020 WL 96898, at *6 (M.D. La. Jan. 8, 2020) (false arrest and malicious prosecution claims) (quoting *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995)); *accord Cormier*, 493 F. App'x at 583-84 (false imprisonment/false arrest and malicious prosecution claims); *Connors v. Graves*, 538 F.3d 373, 377 (5th Cir. 2008) (illegal seizure claim).

Therefore, a judgment in favor of Plaintiffs on their § 1983 false arrest, illegal seizure, false imprisonment, and malicious prosecution claims based on the interference with public duty charges would necessarily imply the invalidity of their convictions for disorderly conduct, because they each require a showing of no probable cause. *See Knight v. LeBlanc*, No. CV-H-22-2096, 2022 WL 4227255, at *2 (S.D. Tex. Sept. 13, 2022) (dismissing a plaintiff's malicious prosecution claim when public records showed that the plaintiff was convicted of threatening the defendant because the claim called into question the conviction); *Hill v. City of Bossier*, No. CV-22-1299, 2022 WL 5237278, at *4 (W.D. La. Sept. 12, 2022) (holding that "prevailing on the false arrest claim would necessarily imply the invalidity of Plaintiff's resisting-an-officer conviction" because false arrest claims "challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity" (quoting *Thomas v. Pohlmann*, 681 F.

23

App'x 401, 406 (5th Cir. 2017)) (cleaned up)); *Garig v. Travis*, No. CV-20-654, 2021 WL 2708910, at *24 (M.D. La. June 30, 2021) (finding the plaintiff's malicious prosecution, abuse of process, false arrest, and false imprisonment claims barred by *Heck* because the claims rested on an alleged violation of the Fourth Amendment and required a showing of no probable cause thus necessarily implying the invalidity of his conviction); *Llamas v. Harris Cnty., Tex.*, No. 4:19-CV-1029, 2019 WL 7708605, at *4 (S.D. Tex. Nov. 22, 2019), *report and recommendation adopted*, 2020 WL 410196 (S.D. Tex. Jan. 23, 2020) (holding the plaintiff's § 1983 claim for malicious prosecution would call into question the validity of his criminal conviction for engaging in deadly conduct).

Further, to the extent that Plaintiffs allege that their arrests for interfering with public duties were in retaliation for exercising their First Amendment rights, ECF No. 19 at 26, "[s]uch First Amendment retaliation claims require the plaintiff[s] to plead and prove the absence of probable cause for the arrest." *Launza v. City of Mesquite*, No. 3:20-CV-01710, 2021 WL 4954348, at *6 (N.D. Tex. Oct. 8, 2021), *report and recommendation adopted*, 2021 WL 4949301 (N.D. Tex. Oct. 25, 2021) (quoting *Nieves v. Bartlett*, 139 S. Ct. 1715, 1724 (2019)) (cleaned up). Thus, allowing Plaintiffs to proceed with a First Amendment retaliation claim[13] also risks

---

[13] Because a First Amendment retaliation claim requires the plaintiff to plead the absence of probable cause for the arrest, *Launza*, 2021 WL 4954348, at *6, the Court construes Plaintiffs' First Amendment retaliation claims as claims premised on the propriety of their arrests thus

undermining the validity of their criminal convictions for disorderly conduct because the same underlying events triggered the disorderly conduct and interfering with public duties charges. *See Cormier*, 493 F. App'x at 584.

Moreover, Plaintiffs have not pled that their disorderly conduct convictions have been invalidated. A conviction is invalidated when it has "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Adeyinka v. Harris Cnty.*, No. CV H-18-1616, 2018 WL 11301142, at *1 (S.D. Tex. May 18, 2018) (Ellison, J.) (quoting *Heck*, 512 U.S. 477, 486–87 (1994)) (cleaned up).

Plaintiffs' allegation that the State dismissed the interfering with public duties charges "is of no consequence." *Hill*, 2022 WL 5237278, at *4. If a plaintiff was convicted on one charge, a second charge that did not result in a conviction is irrelevant when the same underlying events triggered both charges. *Cormier*, 493 F. App'x at 583-84. This is because "focus is on the validity of the arrest" not each crime charged. *See id*. (cleaned up). Here, the public duties charges and the

---

included in their respective motions to dismiss. *See* ECF No. 9 at 18 ("Plaintiffs' claims premised in the propriety of their arrests are barred by the favorable termination doctrine enunciated by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994)."); ECF No. 11 at 11 ("Plaintiffs' claims based on the propriety of their arrests are barred by the favorable termination doctrine set forth by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994).").

disorderly conduct charges both stem from the same underlying events. *See* ECF Nos. 8, 19. Thus, because Plaintiffs' claims challenge the probable cause for the arrest, it would risk undermining Plaintiffs' convictions for disorderly conduct. *See Cormier*, 493 F. App'x at 584 (finding that *Heck* barred plaintiff's claims for false-arrest and malicious prosecution where allowing them to proceed would "risk[] undermining the validity of his criminal conviction[ ] because the same underlying events triggered those charges." (cleaned up)); *see also Hill*, 2022 WL 5237278, at *4 ("[i]f there was probable cause for any of the charges made . . . then the arrest was supported by probable cause, and *Heck* applies." (quoting *Wells*, 45 F.3d at 95)).

Accordingly, Plaintiffs' false arrest, illegal seizure, false imprisonment, malicious prosecution, and First Amendment retaliation claims under § 1983 should be dismissed based on the *Heck* rule. *See Launza*, 2021 WL 4954348, at *6 (finding the plaintiff's First Amendment retaliation claim should be barred by the *Heck* rule because it requires pleading the absence of probable cause for the arrest); *Adeyinka*, 2018 WL 11301142, at *1 (dismissing the plaintiff's claims for false imprisonment, illegal arrest, and entrapment as to his state conviction for not being cognizable under § 1983 based on the *Heck* rule).

### D. Plaintiffs' Fourteenth Amendment Due Process Claims Should Be Dismissed.

Plaintiffs allege their right to due process under the Fourteenth Amendment was violated because they were arrested without having committed a crime and

26

criminally charged without probable cause. ECF No. 8 at ¶¶ 47, 87. Defendants argue that Plaintiffs' unconstitutional detention and seizure claims are not cognizable under the Fourteenth Amendment. ECF No. 9 at 19; ECF No. 11 at 11–12. Plaintiffs respond that the "unlawful arrest was a gross violation of Skylar and Isaiah's right not to have their liberty deprived without due process." ECF No. 19 at 15.

A plaintiff's "resort to a generalized remedy under the Due Process Clause is inappropriate where a more specific constitutional provision provides the rights at issue." *Arnold v. Williams*, 979 F.3d 262, 270 (5th Cir. 2020). The Fifth Circuit addressed a similar situation in *Arnold*. There, the Fifth Circuit found that the plaintiff "fail[ed] to state a claim under the Fourteenth Amendment's Due Process Clause" because his claims were more properly brought under the Fourth Amendment. *Id.* (dismissing Fourteenth Amendment claims for violation of procedural and substantive due process when the plaintiff's rights were protected by the unreasonable-searches-and-seizures clause of the Fourth Amendment). As in *Arnold*, the rights Plaintiffs claim were violated are protected under the Fourth Amendment. Therefore, Plaintiffs' Fourteenth Amendment claims must be dismissed.

Even if this were not the case, Plaintiff's Fourteenth Amendment claims would be barred under *Heck v. Humphrey*. By challenging the propriety of his arrest

and charge, "success on these claims would necessarily imply the unlawfulness of [Plaintiffs'] . . . [disorderly] [conduct] convictions." *Mount v. Wakefield*, 738 F. App'x 280 (5th Cir. 2018). "Because [Plaintiffs] fail[] to allege or demonstrate that [their] convictions have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination . . . [their] claims [a]re not cognizable under § 1983." *Id*. (quoting *Heck*, 512 U.S. at 487).

Accordingly, Plaintiffs' fail to state a claim under the Fourteenth Amendment's Due Process Clause.

### E. Officer Defendants Are Entitled To Qualified Immunity.

Officers seek dismissal based on qualified immunity. ECF No. 9 at 23-26. "Qualified immunity shields officers from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Young v. City of Coll. Station*, No. CV-H-21-2033, 2021 WL 5178707, at *3 (S.D. Tex. Nov. 8, 2021) (Ellison, J.) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)) (cleaned up). Qualified immunity also "provides officers breathing room to make reasonable but mistaken judgments, and all but the plainly incompetent or those who knowingly violate the law are protected." *Young*, 2021 WL 5178707, at *3 (citing *Stanton v. Sims*, 571 U.S. 3, 6 (2013); *Pratt v. Harris Cnty.*, 822 F.3d 174, 181 (5th Cir. 2016)) (cleaned up). Moreover, qualified

immunity "represents the norm, and courts should deny a defendant immunity only in rare circumstances." *Young*, 2021 WL 5178707, at *3 (quoting *Angulo v. Brown*, 978 F.3d 942, 949 (5th Cir. 2020); *Morrow v. Meachum*, 917 F.3d 870, 876 (5th Cir. 2019)) (cleaned up).

Additionally, Plaintiffs "bear[] the burden to negate the defense of qualified immunity." *Hall v. Ingle*, No. CV H-20-2416, 2022 WL 4454371, at *8 (S.D. Tex. Sept. 22, 2022) (citing *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017)). This burden is met by alleging facts showing that: (1) the defendant committed a constitutional violation; and (2) "the defendant's actions were objectively unreasonable in light of the clearly established law at the time those actions were taken." *Henderson v. Harris Cnty.*, No. 4:18-CV-413, 2021 WL 1112400, at *1 (S.D. Tex. Feb. 24, 2021*), report and recommendation adopted*, 2021 WL 1111104 (S.D. Tex. Mar. 23, 2021) (quoting *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011)).

Here, Plaintiffs have alleged that Defendants violated their First, Fourth, and Fourteenth Amendment rights. *See* ECF Nos. 8, 19. However, as discussed above, the Court determined that Plaintiffs have failed to raise viable claims under the First, Fourth, and Fourteenth Amendments because their excessive force claims are time-barred and their remaining claims for false arrest, illegal seizure, false imprisonment, malicious prosecution, and First Amendment retaliation are barred under the

favorable determination doctrine as enunciated in *Heck*. Because Plaintiffs have not sufficiently alleged that the Officers committed a constitutional violation, the Court should grant the motion to dismiss Plaintiffs § 1983 claims against Officer Defendants on the grounds of qualified immunity. *See Young*, 2021 WL 5178707, at *4 (finding the officers entitled to qualified immunity when the plaintiff's factual allegations did not raise a viable Fourth or Fourteenth Amendment violation); *Jacobs v. Trochesset*, No. 3:16-CV-65, 2016 WL 6493437, at *8 (S.D. Tex. Nov. 2, 2016) (dismissing the plaintiffs' Fifth and Fourteenth Amendment claims against the sheriff on the grounds of qualified immunity when the plaintiffs' failed to state claims under the Fifth and Fourteenth Amendments).

### F. Plaintiffs' *Monell* Claim and Failure-To-Train-Or-Supervise Claims Against Baytown Should Be Dismissed.

Baytown asserts that Plaintiffs failed to plead sufficient facts in support of their § 1983 claim against it. ECF No. 11 at 3. Although the motion contains briefing arguing that Plaintiffs fail to state viable constitutional claims, Baytown's motion fails to contain any briefing on the dismissal of Plaintiffs' *Monell* and failure-to-train-or-supervise claims. *See* ECF No. 11. Nonetheless, Plaintiffs responded, construing it to mean that they failed to allege *Monell* and failure-to-train-or-supervise claims. *See* ECF No. 19 at 16-26. The Court finds that Plaintiffs' *Monell* policy or practice and failure-to-train-or-supervise claims against Baytown also fail.

Municipal liability under § 1983 hinges on Plaintiffs having a viable

constitutional claim.[14] This is because "in the absence of any underlying constitutional violation, there can be no municipal liability under *Monell*." *Watt v. New Orleans City*, No. CV 22-3107, 2022 WL 17844624, at *4 (E.D. La. Dec. 22, 2022) (citing *Albert v. City of Petal*, 819 F. App'x 200, 203 (5th Cir. 2020)). As the Supreme Court explained in *Monell v. Department of Social Services*, 436 U.S. 658, 690–691 (1978), an alleged violation of a person's constitutional rights can give rise to two *separate and distinct* § 1983 civil rights actions: one against the offending officer, and one against the municipality in whose name the officer acted. The defendant municipality actor's liability for a constitutional violation is a prerequisite to finding liability against the defendant municipality. *See Malbrough v. Stelly*, 814 F. App'x 798, 806 n.15 (5th Cir. 2020) ("A municipality cannot be held liable when its employee did not violate the Constitution.") (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)); *accord Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017) ("As is well established, every *Monell* claim requires an underlying

---

[14] "A municipality is liable under 42 U.S.C. § 1983 only for acts that are directly attributable to it through some official action or imprimatur. Thus, to state a claim for municipal liability a civil rights plaintiff must allege, at a minimum, facts identifying the following essential elements: (1) an official policymaker; (2) an official policy; and (3) a violation of constitutional rights whose moving force is the policy at issue." *Lincoln v. Clark*, No. CV H-22-1979, 2023 WL 1767014, at *3 (S.D. Tex. Feb. 3, 2023) (citing *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (cleaned up). For a failure-to-train-or-supervise claim, a plaintiff must allege that "1) the [city] failed to train or supervise the officers involved; 2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and 3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Pena v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018) (quoting *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001)).

constitutional violation.") (cleaned up).

Because Plaintiffs do not have any remaining claims for a constitutional violation under the First, Fourth, or Fourteenth Amendments against the Officers, there can be no municipal liability under *Monell*. *See Hicks-Fields*, 860 F.3d at 808; *Albert*, 819 F. App'x at 203. Accordingly, the Court should dismiss with prejudice Plaintiffs' § 1983 claims of liability against Baytown. *See Albert*, 819 F. App'x at 203 (affirming the district court's dismissal of the plaintiff's *Monell* and failure-to-train-or-supervise claims when there was no constitutional violation); *Jenkins v. Tarrant Cnty. Sheriff's Off.*, No. 4:21-CV-0910, 2022 WL 426593, at *9 (N.D. Tex. Feb. 11, 2022) (dismissing the plaintiff's *Monell* claim against the county defendants when the plaintiff did not sufficiently plead facts showing an underlying constitutional violation).

## IV.    PLAINTIFFS' STATE ASSAULT AND BATTERY CLAIMS ARE BARRED.

Officers contend that they are immune from Plaintiffs' assault and battery claims pursuant to the Texas Tort Claims Act. ECF No. 9 at 26–29. Baytown also contends that it is not liable for Plaintiffs' assault and battery claims under the Texas Tort Claims Act. ECF No. 11 at 12–14. The Court first addresses Plaintiffs' assault and battery claims against Officers, and then the Court addresses Plaintiffs' assault and battery claims against Baytown.

## A. Statutory Immunity Bars Plaintiffs' State Assault and Battery Claims Against Officers.

Under Texas statutory law, governmental employees are immune from suit for a tort when the following two elements are met: the employee is "sued for a tort that (1) is based on conduct within the general scope of the employee's employment and (2) could have been brought under the Act against the governmental unit." *Trice v. Pearland Indep. Sch. Dist.*, No. 3:19-CV-00286, 2020 WL 4369499, at *2 (S.D. Tex. July 10, 2020), *report and recommendation adopted*, 2020 WL 4368058 (S.D. Tex. July 30, 2020) (quoting *Garza v. Harrison*, 574 S.W.3d 389, 400 (Tex. 2019) and citing TEX. CIV. PRAC. & REM. CODE § 101.106(f)) (cleaned up). Here, Plaintiffs do not challenge either element. *See* ECF No. 19 at 16. Even if they had, both elements of the test for § 101.106(f)'s applicability are met; thus, statutory immunity applies.

First, Plaintiffs do not allege that Officers alleged misconduct was outside the scope of their employment.[15] Regardless, the alleged assault and battery occurred in connection with Officers' arrest of Plaintiffs. *Id.* ¶¶ 14-19, 21–23, 32–33. Effectuating an arrest clearly falls within the general scope of a police officer's

---

[15] The Texas Tort Claims Act defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and about the performance of a task lawfully assigned to an employee by competent authority." *Carr v. City of Spring Valley Vill.*, No. CV H-18-2585, 2019 WL 1276100, at *13 (S.D. Tex. Mar. 20, 2019), *aff'd*, No. 19-20373, 2022 WL 1553539 (5th Cir. May 17, 2022) (quoting TEX. CIV. PRAC. & REM. CODE § 101.001(5)).

33

duties. *See Fink v. Anderson*, 477 S.W.3d 460, 467 (Tex. App. —Houston [1st Dist.] 2015, no pet.) (citing *Alexander v. Walker*, 435 S.W.3d 789, 792 (Tex. 2014)) (Claims arising from law enforcement officer conduct while arresting a plaintiff, "is conduct that is generally within an officer's scope of employment; it is not an independent course of conduct that fails to serve any purpose of the employer.").

Second, Plaintiffs' assault and battery claims could have been brought against Baytown under the Texas Tort Claims Act. "Under the *Franka* rule, all tort claims, including intentional torts, 'could have been brought' against the governmental unit, regardless of whether the governmental unit's immunity from suit is expressly waived by the [Texas Tort Claims Act] for those claims." *E.G. by Gonzalez v. Bond*, No. 1:16-CV-0068-BL, 2016 WL 11258226, at \*6 (N.D. Tex. Aug. 31, 2016), *report and recommendation adopted sub nom. E.G. v. Bond*, 2017 WL 129019 (N.D. Tex. Jan. 13, 2017) (quoting *Franka v. Velasquez*, 332 S.W.3d 367, 385 (Tex. 2011)). Assault and battery are intentional torts. *Matthews v. Harris Cnty.*, No. CV H-18-0014, 2018 WL 3818001, at \*5 (S.D. Tex. Aug. 10, 2018). Accordingly, Plaintiffs' assault and battery claims asserted against Officers could have been brought against Baytown. *See E.G. by Gonzalez*, 2016 WL 11258226, at \*6. Therefore, Plaintiffs' assault and battery claims against Officers are barred under TEX. CIV. PRAC. & REM. CODE § 101.106(f).

When § 101.106(f) bars state claims, the statute requires "that [o]n the

employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed." *Harmon v. City of Arlington, Tex.*, 478 F. Supp. 3d 561, 577 (N.D. Tex. 2020), *aff'd*, 16 F.4th 1159 (5th Cir. 2021).

Here, the record indicates that more than thirty days have elapsed since Officers filed their motion to dismiss, and Plaintiffs have not filed the required amended pleading dismissing Officers. *Harmon*, 478 F. Supp. 3d at 577. Accordingly, Plaintiffs' assault and battery claims against Officers should be dismissed with prejudice. *See Harmon*, 478 F. Supp. 3d at 577 ("As the time elapsed since this motion is well in excess of thirty days, the claims should be dismissed."); *Carr v. City of Spring Valley Vill.*, No. CV H-18-2585, 2019 WL 1276100, at *13 (S.D. Tex. Mar. 20, 2019), *aff'd*, 2022 WL 1553539 (5th Cir. May 17, 2022) (dismissing with prejudice the plaintiffs' state law claims against the officer defendants when there was no dispute the plaintiffs sued the officer defendants in their individual capacity for conduct that occurred in the scope of their employment).

## B. Assault And Battery Claims Against Baytown Are Also Barred.

Plaintiffs' assault and battery claims against Baytown fail. The Texas Tort Claims Act does not apply to a claim "arising out of assault, battery, false imprisonment, or any other intentional tort. . .." TEX. CIV. PRAC. & REM. CODE

§ 101.057(2). "This provision shields municipalities from suits arising out of intentional torts committed by governmental employees and should be liberally construed to accomplish this objective." *Hatton v. Harris Cnty. Jail*, No. CV-H-18-1948, 2019 WL 1858826, at *3 (S.D. Tex. Apr. 25, 2019) (quoting *Gillum v. City of Kerrville*, 3 F.3d 117, 123 (5th Cir. 1993), *cert. denied*, 510 U.S. 1072 (1994)). Section 101.057(2) specifically "exempts certain intentional torts such as assault and battery under the statutory framework," so long as the municipal defendant "does not waive its immunity from intentional tort claims." *Harmon*, 478 F. Supp. 3d at 577. Here, Baytown states that "Plaintiffs' claims in this case do not fall within the limited waivers of immunity . . . and therefore no viable state law cause of action exists against the City." ECF No. 11 at 13. *See Harmon*, 478 F. Supp. 3d at 577 (finding the tort claims alleged against the city defendant failed under § 101.057 when the city stated in its motion to dismiss that it did not waive its immunity).

Accordingly, Plaintiffs' assault and battery claims against Baytown should also be dismissed with prejudice. *See id.* (dismissing any remaining intentional tort claims against the City of Arlington when it did not waive immunity from intentional tort claims).

## V.  THE COURT SHOULD NOT GRANT LEAVE TO AMEND.

Plaintiffs seek leave to amend should the Court grants the Officers' motion to dismiss. ECF No. 19 at 27.

Rule 15 directs courts to "freely give leave [to amend the pleadings] when justice so requires." FED. R. CIV. P. 15(a)(2). Generally, courts "give the plaintiff a chance to amend before dismissing the action with prejudice, unless amendment would be futile." *Kennard v. City of Hous.*, No. CV-H-22-3365, 2023 WL 159782, at *2 (S.D. Tex. Jan. 11, 2023) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Courts may also deny leave to amend when the plaintiff "fail[s] to apprise the district court of the facts that he would plead in an amended complaint, if necessary, to cure any deficiencies." *Mandujano v. City of Pharr, Tex.*, 786 F. App'x 434, 437 (5th Cir. 2019) (citing *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017)).

Plaintiffs have amended their complaint once already, ECF No. 8, and it is apparent from the face of their pleadings that their claims are either time-barred, barred under *Heck v. Humphrey* and legally frivolous,[16] or barred by statutory immunity. Additionally, Plaintiffs have neither submitted a proposed second

---

[16] A claim that "falls under *Heck* 'is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.'" *McGee v. Acevedo*, No. CV-H-20-2170, 2020 WL 3431559, at *1 (S.D. Tex. June 22, 2020) (Ellison, J.) (quoting *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996)). The "court may deny a motion to amend for futility if an amended complaint would fail to state a claim upon which relief could be granted." *Brown v. City of Hous.*, 297 F. Supp. 3d 748, 758 (S.D. Tex. 2017) (citing *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016)). Thus, because Plaintiffs' false arrest, illegal seizure, false imprisonment, malicious prosecution, and First Amendment retaliation claims are legally frivolous because Plaintiffs' have not alleged that their convictions have been reversed or otherwise called into question, Plaintiffs' request for leave to amend should be denied. *See McGee*, 2020 WL 3431559, at *1.

amended complaint nor explained how they would cure the deficiencies described above. *See* ECF No. 19. Therefore, Plaintiffs have provided the Court with no basis to believe that further amendment would be fruitful.

Based on this record, the Court finds a second amendment of the complaint would be futile and recommends dismissing the amended complaint with prejudice. *Doe v. Harris Cnty., Tex.*, No. CV H-21-03036, 2022 WL 17842969, at *7 (S.D. Tex. Nov. 17, 2022) (dismissing § 1983 complaint with prejudice where court determined amendment would be futile); *see also Carr*, 2019 WL 1276100, at *13 (dismissing with prejudice the plaintiffs' state law claims against the officer defendants).

**CONCLUSION**

The Court recommends that Officers motion to dismiss, ECF No. 9, and Baytown's motion to dismiss, ECF No. 11, should be **GRANTED.** The Court specifically recommends the following:

(1) Plaintiffs' claims for violation of the Fourth Amendment for excessive force and Gilmore's claim for malicious prosecution against Officer Brown, Sgt. Miller, and Baytown be **DISMISSED WITH PREJUDICE** as barred by the statute of limitations;

(2) Plaintiffs' claims for violation of the Fourth Amendment for false arrest/false imprisonment, illegal seizure, and malicious prosecution against Officer Brown, Sgt. Miller, and Baytown be **DISMISSED WITH PREJUDICE** as barred by *Heck v. Humphrey*;

(3) Plaintiffs' claims for violation of the First Amendment for retaliation against Officer Brown, Sgt. Miller, and Baytown be **DISMISSED WITH**

PREJUDICE as barred by *Heck v. Humphrey*;

(4) Plaintiffs' claims for violation of the Fourteenth Amendment Due Process Clause against Officer Brown, Sgt. Miller, and Baytown be **DISMISSED WITH PREJUDICE** as more properly brought under the Fourth Amendment and barred by *Heck v. Humphrey*;

(5) Plaintiffs' *Monell* and failure-to-train-or-supervise claims against Baytown be **DIMMISSED WITH PREJUDICE** as implausible because Plaintiffs' constitutional claims are either barred by the statute of limitations or *Heck v. Humphrey*;

(6) Plaintiffs' claims for assault and battery against Officer Brown and Sgt. Miller be **DISMISED WITH PREJUDICE** as barred under TEX. CIV. PRAC. & REM. CODE § 101.106(f);

(7) Plaintiffs' claims for assault and battery against Baytown be **DISMISSED WITH PREJUDICE** as barred under TEX. CIV. PRAC. & REM. CODE § 101.057(2).

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on March 3, 2023.

*Dena Palermo*

**Dena Hanovice Palermo**
**United States Magistrate Judge**